We'll hear the first case, Azmen v. Barr. May it please the Court, I'm Zachary Albin for Petitioner Mario Ordonez Azmen. Unless this Court prefers otherwise, I will begin with the agency's ultra-virus approach to the material change circumstances exception to the asylum's one-year filing deadline, and then move on to the open question of Chevron deference to the Board's particularity and social distinction criteria for determining whether a social group is cognizable, as well as the panel's impermissible application of those criteria to this case. Turning first to the one-year filing deadline issue, and I note here that there was a subsequent unpublished Board opinion matter of J.R.F.F. directed to the Court's attention via 28J letter that actually agrees with Ordonez and contradicts the panel's decision below as to each of the ensuing points. So what should we do about that? Should we decide that issue, which we've sent back for presidential opinion by the BIA, now on more than one occasion? Or should we send it back yet again and say, do it? Judge Calabresi, as this is a clear issue of statutory and regulatory interpretation to which there would be no deference, this Court certainly could reach the question, and we would ask that it reach the question and find that a subsequent asylum application is not required when material change circumstances arise in the course of an application that's pending before the Court. However, if the Court is not inclined to do so, it could certainly remand to the agency once again to get a definitive answer on that question. In the case below ---- How do we get them to do what we asked them to do and they didn't do when we asked them to do it? Your Honor, I think this Court could reiterate its request, but seeing as the ---- Is it a request? Is there a way to instruct the BIA to publish a decision on this issue? I think the Court could instruct the agency to do that. But irrespective of whether it's inclined to do so, there's a prior issue in this case, which is that the panel adopted a impermissible approach to that question of materiality, finding it didn't need to answer this question because ---- Well, they said that. We asked them to answer this question and presumably we had a reason for saying we want an answer to this question first before it reaches the other. The other is not an uncomplicated issue and, you know, we have a right to say we want to decide one thing before we decide another. I absolutely ---- I think that's absolutely right, Judge Calabresi. I think the Court could instruct the Court to do that. Can I ask you a question about your changed circumstances argument? And I understand your argument, but how do the 2010 killings constitute changed circumstances? Isn't it ---- Aren't they more of the same? Your Honor, I think the key issue in this case is the agency has never actually made that determination. It said that they could not be a changed circumstance because they relate to Mr. Adonius's reason for leaving, which is the precise question at issue in Wainanlin. I think that question would be addressed by the agency in the first instance typically, but certainly I think a reasonable fact finder within the agency could find that the murder, the very recent murder of a member of Adonius's particular social group that he was proximate to could be material to his eligibility for asylum. Well, let's say that we agree with you that the 2010 killings amounted to a changed circumstances. And correct me if I'm wrong, your client didn't file a successive application until 2016, which is after we last remanded to the BIA. Is that correct? That's correct, Your Honor. As to that point, I would note that ---- So just my question is how is your client's application filed within a reasonable period given those changed circumstances? Two answers, Your Honor. First, our client, there was no clear ---- it has never been a clear answer from the Board that a subsequent application is necessary. And in published decisions like matter of CWL, which addresses the particular statutory regulatory term at issue, it indicates that the applicant can't update their application in the course of a hearing. With respect to the 20 ---- the subsequent I-589 that was submitted with the motion to remand, there's a regulatory provision of the agency that requires the agency to give notice and an opportunity to an asylum applicant to provide notice where that ---- where it's necessary for them to provide an application. And so that under that regulation, the agency should consider that subsequent application, as Mr. Adonis was never provided with such an opportunity. I see I have two minutes remaining, Your Honor, so I'd like to talk briefly on the particular social group issue in this case. PLOCA did not defer to the Board's particularity and social distinction criteria. The impetus for that was the ordinary remand rule. But this Court need not necessarily reach that issue where we have here an instance of the agency failing to apply the criteria of particularity and social distinction as it's described them in its precedential opinions of matter of MEVG and WGR to the record. And what I mean by that is there was no indication that there was any real evidentiary review of the evidence, Mr. Adonis. I have a problem before that, and that is, did the BIA do some fact-finding in this case on that issue, which it is not permitted to do, rather than letting this IJ do that fact-finding about the particularity of the situation in this case? And you also asked a remand to introduce more evidence, and they denied that. Don't we, before we do anything else, have to say, did the BIA err in doing fact-finding? Yes, Judge Calabresi. The BIA did appear to, insofar as it made findings with respect to particularity, it's taken the position that those are fact-intensive, that's a fact-intensive inquiry and would be properly addressed by the fact-finder in the first instance. So I think that's an accurate characterization of what happened below. And with respect to that motion to reopen, once again, we saw the Board essentially mischaracterize the claim, say that the evidence, which was, I see my time has ended, so please continue. The evidence that directly addressed particularity was, didn't neither address nor affected that determination, and that would be a reversible legal error under this Circuit's south standard. Thank you. May it please the Court, Margaret Perry for the government. In response to some of the questions that were asked. Please speak right into the microphone. Yes, I apologize. Thank you. I'm sorry. Also, Horace, I'm sorry. In response to some of the questions asked by the panel about the timeliness of the filing, I think it's important to make clear that the agency was not saying here that there were no changed circumstances. They were saying there were no changed circumstances that excused the late filing, and the reason was because the circumstances they're claiming as an excuse for filing late. Those circumstances occurred 15 months after the filing. But follow the application. Following. Is this the word in the regulation is given, and does given mean after or does given mean in view of? Or before. Well, it could mean before, but it could also mean in view of changed circumstances. And doesn't it make more sense to read it that way rather than either doing what the agency said, that if it is connected to something, I don't know where that comes from, it doesn't matter, or say that they have to file a new one. Why isn't, if the word is capable of being read, to say in view of changed circumstances, why isn't that the way it should be read? Well, so, Your Honor, you're getting into the what's the proper interpretation of the regulation. Is the agency's interpretation a reasonable interpretation? Well, but the agency interpreted it in two different ways, neither precedential. Your Honor, I'm not quite sure the point you're making. The agency has interpreted this or discussed it in a precedential decision matter of TMH. And while this Court suggested that decision was dicta, that's very clearly discussing that the filing time for changed circumstances. Are there not unpublished decisions that go both ways on this? Yes, well, so now we got a 28J letter, which was not a matter we could brief, showing an unpublished board decision that came out in July. However, I'd suggest that's not an authoritative decision. It's unpublished. It makes no reference. It does indicate that the board is on both sides of this issue. Well, Your Honor, it indicates that three board members have written a decision that does not cite the regulation, does not cite the authoritative board decision matter of TMH, and therefore is not consistent with the agency's published position. But it was a lawyer in circumstances, so we can presume that they were referring to this particular regulation. No? I would think that given what Judge Loyer has just pointed out to you, you've acknowledged that you would want the BIA to have a precedential decision on this, because what you're pointing out to is there's confusion. You're trying to make the point that we should ignore this unpublished decision by a three-judge panel. We're in a position where we don't know enough about how the BIA operates. Therefore, one of the things that we tried to do in the early decision was to say, give us a precedential opinion. And this July opinion, which you say is non-precedential, only speaks to the merits of what our prior panel was seeking to do, was seeking to get from the BIA. That isn't your fault, but it is our situation. Right, right. It's not your fault. Right. If the court perceives this new unpublished decision, which has, by the regulations, everyone acknowledges, has no authoritative weight, unpublished decisions do not. If the court perceives that, to raise the question now in the court's mind about whether the board's published authoritative decision on this. The relevant passage of which we have described as dicta, right? Yes, but none, yes. Okay. And the issue before the court is, is that decision, interpreting the reg, reasonable? We would contend that the fact that it's dicta, if it is dicta, does not undercut the reasonableness. But in any event, if the court is of the view that this new development raises the question, then it would be appropriate to remand. I would point out that there are other developments that have occurred, including the decision in the Kaiser case, about what the court is to look at when it's trying to interpret whether or not the agency's interpretation of its own rule is ambiguous and, therefore, deserving of deference. And I think Kaiser has sort of, has required a higher look to determine the reasonableness of the agency's determination and, in the first instance, whether the rule itself is ambiguous. And neither side has really had an opportunity to brief the reasonableness of the board's authoritative interpretation in TMH under Kaiser. And I'll point that out. I think it's changed the landscape for what this court would have to do if it wants to look at the agency's published precedent. But what reason is there, in good sense, to ask somebody to file a new petition? I mean, I can understand the position which says none of this counts, but the requirement that somebody file a new petition saying that a change has made seems to me just to be making everybody waste their time. So why on earth should one do that? Well, Your Honor, this — Unless the law is absolutely clear. Now, you know, if the law is absolutely clear, then we have to follow it. If the law isn't absolutely clear, why do something that makes a very busy BIA do more work and busy courts do more work? I mean, what's the point? Well, when you refer to the law, if you mean the regulations saying that someone must file an application within a reasonable period given change circumstances, it can only mean two things. Either you have to file after the change circumstances, which is how every court has construed it to mean, and this court has. Now, Judge Calabresi pointed out that those constructions to some extent may be dicta because they weren't tackling this issue. But nonetheless, every court has understood this to be the ordinary meaning, and the only alternative meaning would be before, which would be in this case. You must file a reasonable application before, which is what he is alleging here, before the change circumstances. Why doesn't given mean what given often means, which is in view of change circumstances? Well, again, in view of, if it means preceding, it would make sense. But also let me point out one other additional factor here, which is the board's decision in matter of MAF, which we cite in our brief. Now, that's a decision that came out after oral argument in the last case in 2015. But there the board has issued a precedent decision construing what happens, you know, the difference between an amended application and a successive application that's a new application. And the board has said, so the board has acknowledged you can file subsequent or successive applications before an immigration judge. But in doing so, we're going to need to look at whether the successive application, you know, really refers to the original application and is just making some changes in that, minor changes. If it does refer to the original application, then the relation back doctrine applies. And its timeliness isn't going to be a separate issue, because that amended application relates back to the timeliness, determination, and filing of the first one. However, a subsequent application, which raises a new or different claim, will be judged that is not the original claim. The timeliness of that second application will be determined based on the circumstances of the time of its filing. So Judge Calabresi, with all respect. What is the predicate for that? You know, it also uses or you use the untethered language. Where is the regulatory predicate for that? Where is the statutory predicate? Does that come out of 208? The authority is a regulation that says you can file an amended application. And the board's decision in MAF is dealing with a question where there is no authority. So the board is stating a sort of classic relation back doctrine, right? Not unlike the ones that the courts have. It cites ‑‑ it doesn't cite any authority for that. It takes just a sort of classic relation back principle. If you have successive applications. There is no regulatory or statutory language or authority for it, but it's based on classic principles of relation back. Well, there's regulatory language that permits the filing of an amended application. And so the question arose in MAF, well, what do you do when you have a second application filed? Is it an amendment? Or is it a new application in which case it would have to be judged by the timing sequence and credibility rules at the time the application was filed? So they're applying ‑‑ they're seeing a distinction between a practical factual distinction between an amended application, which they need to address because they have a regulation that raises that for the first time. I have a question before you sit down, and that is I understand the similarities with WGR. But my understanding also is that in evaluating and assessing a social group, you do that in the context of the particular society in which the asylum claim arises. And there seems to be an assumption in the BIA's decision that Guatemala is the same as El Salvador, that there is not a specific individuated assessment of Guatemala. It seems the analysis of the BIA's decision, the analysis on that point in the BIA decision, seems to be very, very sparse and cursory. So, Judge, I think that's an articulation question, right? Did the agency adequately articulate the factual basis in its decision? If they said that this was in fact the same looking at facts, then they did fact finding. And then there's a problem that they did fact finding, and the question of whether it should have been sent back to the EIJ to particularize and have more evidence would be before us. If they didn't do that and did, as a matter of law, say they are all the same, Guatemala and El Salvador, then they're violating the language, at least, of WGR, which says it's particularized. So my problem is I don't know which of the two they did, but I have a question, if it's a question of law, and if it's a question of fact, which I think it probably was, given that I assume that they live up to what they said before, then I wonder whether they properly found the facts or should have sent it back to the EIJ. So I think there are two questions, at least that's what I'm going to respond to. Number one, if you look, I'll tell you, if you look at the board's decision, it has a lengthy discussion about WGR, and analogizing to that case. However, the language we rely on is on the bottom of page five of the board's decision, and it's the sentence, last sentence in the... The record evidence does not establish that the respondent's group is defined with particularity. So the government's position is that that shows that they're anchoring this in the record. We have had decisions in the past where we've seen the board say this does not meet the particularity requirement, and then they do string sites to the board's precedents with no analysis whatsoever. So our point is they've set out here the sort of definitional problems, but then that language anchors it in the record, and then you have the brief showing that their points are supported by the evidence that was in the record. I would also add that the board, when we're talking about what the board did and what the nature of its decision here is, the particularity assessment is about the application of legal standards to facts, and that's not strict fact-finding nor necessarily something the board does not have authority to do on its own. In fact, it has to, it can, in fact, look at the facts established and see if they meet the legal standards and do that de novo. So there's no inappropriate authority doing that here. One of the things that I find, or at least raises questions in my mind, is that the BIA denied the motion to remand, or Donez supplemented his motion with nearly 200 pages of documents regarding country conditions in Guatemala, and I'm having trouble understanding how these documents would not have been relevant to addressing the particularity analysis required here. Well, the board didn't say they weren't relevant. They said that the evidence, while the evidence that the respondent submitted is new, I'm looking at the last page of the decision, last paragraph. Did not address or affect the determination of particularity. But it has not shown this evidence would establish prima facie eligibility or affect the outcome of this case. So it made that general ruling, and then the question for the court is, and that's classically made, does the evidence that was submitted support that board characterization or description of what the record was? I'd also like to point out, Judge Katzmann, and you noted that the applicant submitted a second application in 2016. I didn't have a chance to check the record, but I'm not sure that that was actually filed. I think normally the filing procedure is, I mean, it can be submitted to the court for timeliness. I think it's when it's received by the court. This was sort of submitted, but I'm not sure it was signed, so there is some question about that. Thank you. Thank you. Thank you, Your Honors. To Judge Calabresi's question, the mere word given is not dispositive.  I'm sorry. The presence of the word given is not dispositive of this case in the government's favor and indeed should be read in the way Your Honor suggests. To Judge Lawyer's question, as to – I'm not saying it should be read that way. I'm asking a question. A question. Our answer to that question would be yes, it should be read that way. And to Judge Lawyer's question about the unpublished authority, does that show that there's dissension on the Board? It certainly does. And in addition to that, I would note that in recently published regulations by the Attorney General, they clarified that these unpublished decisions are not promulgated under the Board's authority to interpret law. Can I ask you a question? The BIA, when it said the record evidence does not establish that the Respondent's particularity, have the additional – have the benefit of the additional record provided by your client? Yes, Your Honor. At that point, they would have because it came as one decision. And so why isn't the BIA, understanding that it could ask the IJ to review it in the first instance, why isn't the BIA entitled to do what it did here? And why isn't the line that your adversary pointed us to enough to satisfy us that with respect to the particular social group issue, it had the benefit of the extra record and made a decision about particularity? Your Honor, the decision shows no engagement with that evidence, and indeed it mischaracterized the evidence when it said it didn't address or affect. What do you mean? There's no consideration of Guatemalan society. There's no evidence of consideration of Guatemalan societies. We do not see any meaningful distinction between the Respondent's situation and that of the applicant in matter of WGR. So one way of reading that is we understand, they say, here's the argument, that the WGR case involved El Salvador, this involves Guatemala, but we don't see a meaningful distinction. So why can't we view that as a sign that the BIA considered that distinction and said, given what we've got in terms of the record evidence, there's no meaningful distinction. So there may be distinctions, but no meaningful distinction. Your Honor, I think the Board's overall cursory approach to the evidence in the record in its decision supports the inference that it did not make that consideration, and I would further note that the Board mischaracterized the evidence submitted in denying the motion to reopen, saying it did not address particularity. Thank you. Thank you. Thank you both for your good arguments. Good argument on both sides. Court will reserve decision.